USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #_____
DATE FILED: __3/28/2022__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

v.

Humberto Bello,

*Defendant.*

**Protective Order**

**22 Cr. 163 (ER)**

Upon the application of the United States of America, with the consent of the undersigned counsel, the Court hereby finds and orders as follows:

**Confidential Material.** The Government will make disclosure to the defendant of documents, objects, and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in a criminal case. Certain of that discovery may include material that (i) affects the privacy and confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and/or (iv) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case. Discovery materials produced by the Government to the defendant or his counsel that are either (1) designated in whole or in part as "Confidential" by the Government in emails or communications to defense counsel, or (2) that include a Bates or other label stating "Confidential," shall be deemed "Confidential Material."

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

1. Confidential Material shall not be disclosed by the defendant or defense counsel, including any successor counsel (the "defense") other than as set forth herein, and shall be used

by the defense solely for purposes of defending this action. The defense shall not post any Confidential Material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any Confidential Material to the media or any third party except as set forth below.

2. Confidential Material may be disclosed by counsel to the following persons ("Designated Persons"):

a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

b) Prospective witnesses for purposes of defending this action;

c) The defendant; and

d) Such other persons as hereafter may be authorized by the Court.

3. The Government may authorize, in writing, disclosure of Confidential Material beyond that otherwise permitted by this Order without further Order of this Court.

4. This Order does not prevent the disclosure of any Confidential Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

5. This Order places no restriction on the defendant's use or disclosure of ESI that originally belonged to the defendant.

6. Except for such material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Confidential Material within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in

the above-captioned case, whichever date is later.  To the extent this paragraph conflicts with the

New York Code of Professional Responsibility or attorneys' obligations to clients regarding file

retention, however, the ethical rules govern.

7.   The defense shall provide a copy of this Order to prospective witnesses and persons

retained by counsel to whom the defense has disclosed Confidential Material.  All such persons

shall be subject to the terms of this Order.  Defense counsel shall maintain a record of what

Confidential Material has been disclosed to which such persons.

**Retention of Jurisdiction**

8.   The provisions of this order shall not terminate at the conclusion of this criminal

prosecution and the Court will retain jurisdiction to enforce this Order following termination of

the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: /s/ Alexander Li                                           Date:  March 28, 2022
      Alexander Li
      Assistant United States Attorney


    /s/ Sylvie Levine                                           Date:   3/28/22
Sylvie Levine, Esq.
Counsel for Humberto Bello


SO ORDERED:

Dated: New York, New York

    March 28                         , 2022


_____
HONORABLE EDGARDO RAMOS
UNITED STATES DISTRICT JUDGE